
DA 10-0516

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 53N

STATE OF MONTANA,

  Plaintiff and Appellee,

 v.

ANTHONY DANE ROBERTY,

  Defendant and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,
      In and For the County of Gallatin, Cause No. DC 08-42A
      Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

  For Appellant:

    Anthony Dane Roberty (Self-Represented), Shelby, Montana

  For Appellee:

    Steve Bullock, Montana Attorney General, Mark W. Mattioli, Appellate
    Services Bureau Chief, Helena, Montana

    Marty Lambert, Gallatin County Attorney, Eric Fitzmiller, Deputy
    Gallatin County Attorney, Bozeman, Montana

        Submitted on Briefs: February 23, 2011

             Decided: March 22, 2011

Filed:

    _____
          Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Anthony Dane Roberty (Roberty) appeals the order of the Eighteenth Judicial District Court, Gallatin County, denying his August 2010 motion to amend or correct his June 2008 sentence for felony Driving Under the Influence (DUI). We affirm.

¶3     Roberty was sentenced on January 26, 2005, in Gallatin County District Court, in three separate DUI convictions. He received three concurrent, ten-year sentences with five years suspended on each offense. Roberty was paroled in 2006. In February 2008, while still on parole, Roberty was charged with another felony DUI and driving with a suspended or revoked license. Roberty pled guilty to both charges. In June 2008 the District Court sentenced Roberty to the Department of Corrections for thirteen months, followed immediately by a five-year suspended sentence to Montana State Prison. This sentence was to run consecutive to the three 2005 sentences. On November 24, 2008, the Sentencing Review Division affirmed Roberty's June 2008 sentence. Roberty did not appeal the convictions or sentence, nor did he file a timely petition for postconviction relief.

¶4     In November 2009, Roberty filed a petition for writ of habeas corpus with this Court, which we dismissed. *Roberty v. State*, OP 09-0613. He then filed a second habeas

petition in Powell County, which was denied, appealed, and dismissed with prejudice by this Court on December 8, 2010. *Roberty v. State*, DA 10-0220. In August 2010, which was subsequent to the filing of Roberty's second habeas petition, but before we issued our decision, Roberty filed the instant motion to amend or correct his June 2008 sentence. The District Court denied the motion and Roberty appealed. He raises four issues on appeal; however, we conclude that all issues are either procedurally barred or time barred.

¶5 Once a conviction is final, a defendant has sixty days to file a direct appeal to this Court, M. R. App. P. 4(5)(b)(i), and one year to file a petition for postconviction relief. Section 46-21-102(1), MCA. Additionally, claims which were, or could have been, raised on direct appeal are procedurally barred. Sections 46-21-105(2) and 46-22-101(2), MCA. Finally, as a general rule, this Court does not consider issues presented for the first time on appeal. *State v. Belanus,* 2010 MT 204, ¶ 17, 357 Mont. 463, 240 P.3d 1021 (internal citations omitted).

¶6 Of the issues Roberty raises on appeal, the only one raised in the District Court, and therefore not procedurally barred, is whether the five-year suspended portion of his sentence was to Montana State Prison or the Department of Corrections. This issue is, however, time barred because Roberty failed to appeal the sentence and did not seek postconviction relief within the time limits specified by law, namely within one year of the final conviction. Roberty's arguments in this appeal are, therefore, both procedurally barred and time barred.

¶7      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.  The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶8      Affirmed.


/S/ PATRICIA COTTER


We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ BETH BAKER
/S/ BRIAN MORRIS